UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTELA HIDALGO and HOLLY MOUSSEAU,

                Plaintiffs,

     -against-

ALEXIS DINER, INC., SPYROS VARNAVIDES, and JOHN
ZACHARIA a/k/a Yiannakis Zacharia,

                Defendants.

06-CIV-1093 (WCC) (GAY)

Representative action

ECF CASE

FIRST AMENDED COMPLAINT

PRELIMINARY STATEMENT

1. This is an action to obtain unpaid wages, overtime premiums, tips illegally appropriated, and other compensation owed to Plaintiff Estela Hidalgo, Plaintiff Holly Mousseau, and others similarly situated from Defendants Alexis Diner, Inc., Spyros Varnavides, and John Zacharia a/k/a Yiannakis Zacharia. Alexis Diner, Inc. ("Alexis Diner") is a large-scale diner based in Newburgh, New York. Throughout their employment at Alexis Diner, Plaintiffs and others similarly situated regularly were paid for fewer hours than they actually worked and were severely underpaid for those hours. Additionally, individuals who did not regularly and customarily receive tips, such as Defendant Varnavides, illegally retained most, if not all, of the tips earned at Alexis Diner.

2. At all times relevant to this action, Plaintiff Hidalgo, Plaintiff Mousseau, and others similarly situated were employed by Defendants Alexis Diner, Spyros Varnavides, and John Zacharia as table bussers and/or table servers at Alexis Diner.

3. During Plaintiff Hildalgo's twenty-one-and-a-half month employment as a table busser at Alexis Diner, Defendants frequently did not pay Plaintiff Hidalgo her legally-mandated minimum wages and overtime premiums, in violation of federal and state law.

4. During Plaintiff Mousseau's four month employment as a table server at Alexis Diner, Defendants frequently did not pay Plaintiff Mousseau her legally-mandated minimum wages and overtime premiums, in violation of federal and state law.

5. At all times relevant to this action, Defendants illegally appropriated tips from the tip pool at Alexis Diner.

6. Accordingly, this case is an action to remedy the failure of Defendants to pay Plaintiff Hidalgo, Plaintiff Mousseau, and others similarly situated minimum wages and overtime premiums as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. and its implementing regulations.  Plaintiffs bring this action individually and as a representative action on behalf of others similarly situated for claims brought under the FLSA, 29 U.S.C. § 216(b).

7. This case is also an action to remedy Defendants' failure to pay Plaintiffs' minimum wages and overtime premiums as well as Defendants' illegal appropriation of tips as required by Article 19 of New York State Labor Law and its implementing regulations.

JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337.  Jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.  This Court has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367(a) as the Plaintiffs' state law claims involve the same case or controversy as Plaintiffs' federal claims.

9. Venue is proper in this District pursuant to 28 U.S.C. §1391(b). A substantial part of the events and occurrences underlying this litigation, including many of the unlawful employment practices described in this Amended Complaint, were committed within this District.

## PARTIES

10. Plaintiff ESTELA HIDALGO was employed by Defendants as a table busser at Alexis Diner from on or about February 24, 2004 until on or about December 10, 2005.

11. Plaintiff HOLLY MOUSSEAU was employed by Defendants as a table server at Alexis Diner from on or about April 1, 2005 until on or about July 31, 2005.

12. Employees similarly situated to Plaintiffs were employed by Defendants as table bussers and/or table servers at Alexis Diner on one or more occasions between February 14, 2003 and the present.

13. At all times relevant to this action, Plaintiffs and others similarly situated were employees of Defendant Alexis Diner within the meaning of the FLSA.

14. At all times relevant to this action, Plaintiffs and others similarly situated were employees of Defendant Spyros Varnavides within the meaning of the FLSA.

15. At all times relevant to this action, Plaintiffs and others similarly situated were employees of Defendant John Zacharia within the meaning of the FLSA.

16. At all times relevant to this action, Plaintiffs were employees of Defendant Alexis Diner within the meaning of New York Labor Law.

17. At all times relevant to this action, Plaintiffs were employees of Defendant Spyros Varnavides within the meaning of New York Labor Law.

18. At all times relevant to this action, Plaintiffs were employees of Defendant John Zacharia within the meaning of New York Labor Law.

19. During their employment at Alexis Diner, Plaintiffs and others similarly situated, handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.  All employees of Defendants are engaged in an industry affecting interstate commerce.

20. Defendant ALEXIS DINER, INC. is a New York domestic business corporation with its principal place of business at 5023 Route 9W Newburgh, New York 12550, in Orange County, New York.

21. Defendant Alexis Diner regularly conducts business in Orange County, New York and elsewhere within the jurisdiction of this Court.

22. At all times relevant to this action, Defendant Alexis Diner was an employer of Plaintiffs and others similarly situated within the meaning of the FLSA.

23. At all times relevant to this action, Defendant Alexis Diner was an employer of Plaintiffs within the meaning of New York Labor Law.

24. Defendant SPYROS VARNAVIDES owns Alexis Diner and resides within the jurisdiction of this Court.

25. Defendant Varnavides operates and manages Alexis Diner.

26. Defendant Varnavides regularly conducts business in Orange County, New York and elsewhere within the jurisdiction of this Court.

27. Defendant Varnavides exercised control over the work performed by Plaintiffs and others similarly situated.

28. At all times relevant to this action, Defendant Varnavides was an employer of Plaintiffs and others similarly situated within the meaning of the FLSA.

4

29. At all times relevant to this action, Defendant Varnavides was an employer of Plaintiffs within the meaning of New York Labor Law.

30. Defendant JOHN ZACHARIA owns Alexis Diner and resides within the jurisdiction of this Court.

31. Defendant Zacharia operates and manages Alexis Diner.

32. Defendant Zacharia regularly conducts business in Orange County, New York and elsewhere within the jurisdiction of this Court.

33. Defendant Zacharia exercised control over the work performed by Plaintiffs and others similarly situated.

34. At all times relevant to this action, Defendant Zacharia was an employer of Plaintiffs and others similarly situated within the meaning of the FLSA.

35. At all times relevant to this action, Defendant Zacharia was an employer of Plaintiffs within the meaning of New York Labor Law.

36. Defendants operate an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

## STATEMENT OF FACTS

37. Plaintiffs and others similarly situated were employed by Defendants to serve restaurant patrons at Alexis Diner as table bussers and/or table servers.

38. Defendants did not inform Plaintiffs and others similarly situated of their intention to take advantage of the federal tip credit allowance that allows employers to pay tipped employees a sub-minimum cash wage as long as the tips received make up the difference between the cash wage and the standard minimum wage.

39. Defendants unlawfully took a tip credit for Plaintiff Mousseau and other similarly situated table servers and paid her less than the applicable federal and state minimum wage.

40. Upon information and belief, Defendants unlawfully took a tip credit for Plaintiff Hidalgo and other similarly situated table bussers and paid her less than the applicable federal and state minimum wage.

41. At all times relevant to this action, Defendants mandated a tip pooling arrangement through which table servers at Alexis Diner were required to pay approximately fifteen percent of their tips earned each shift to a tip pool. Table servers were informed by agents of Alexis Diner that the money in the tip pool would be distributed to the table bussers. Plaintiff Hidalgo and other similarly situated table bussers, however, did not receive any portion of the tip pool.

42. At all times relevant to this action, table servers at Alexis Diner gave approximately fifteen percent of their tips each shift to persons who did not customarily and regularly receive tips, such as Defendant Varnavides.

43. At all times relevant to this action, persons who did not customarily and regularly receive tips, such as Defendant Varnavides, illegally appropriated the tips from the tip pool.

44. At all times relevant to this action, Defendant Varnavides was not an employee who would customarily and regularly receive tips.

45. Throughout Plaintiff Mousseau's employment at Alexis Diner, Defendants' illegal appropriation of her tips reduced the amount of tips paid to her by approximately fifteen percent each shift.

46. Throughout Plaintiff Hidalgo's employment at Alexis Diner, Defendants' illegal appropriation of her tips meant that she never received a portion of the tip pool.

47. Plaintiff Hidalgo and Plaintiff Mousseau did not receive the tips that they should have because Defendants willfully and illegally retained the tips.

48. During many workweeks, Defendants did not pay Plaintiffs and others similarly situated the federal minimum wage of $5.15 per hour during many workweeks.

49. During many workweeks, Defendants did not pay Plaintiffs the New York State minimum wage, which was $5.15 per hour until December 31, 2004 and $6.00 per hour starting in 2005.

50. Plaintiffs and others similarly situated regularly worked more than 40 hours per week for Defendants.  Plaintiff Hidalgo typically worked approximately 70  hours per week for Defendants at Alexis Diner.  Plaintiff Mousseau typically worked approximately 60 hours per week for Defendants at Alexis Diner.

51. Plaintiffs and others similarly situated were not paid time and one-half of their regular rate of pay for every hour worked over 40 hours per week in violation of federal and state law.

52. While employed by Defendants, the spread of hours from the start to the finish of Plaintiffs' workdays regularly exceeded 10 hours.

53. Defendants failed to pay Plaintiffs an extra hour of pay at the basic minimum hourly wage rate before allowances on any day when Plaintiffs' spread of hours exceeded 10 hours.

54. At all times relevant to this action, Defendants did not keep accurate wage, hour, tip credit, or spread of hours records related to Plaintiffs' employment, as required by law.

55. Defendants' failure to pay Plaintiffs and others similarly situated the proper wages required under federal law was done willfully, knowingly and intentionally.

56. Defendants' failure to pay Plaintiffs the proper wages required under state law was done willfully, knowingly and intentionally.

57. All actions and omissions described in this Amended Complaint were made by Defendants directly or through Defendants' supervisory employees and agents.

58. The named Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  Plaintiffs' written consents are attached hereto and are incorporated by reference.

FIRST CAUSE OF ACTION (COUNT I)
FAIR LABOR STANDARDS ACT MINIMUM WAGE AND TIP CREDIT VIOLATIONS
(REPRESENTATIVE CLAIM)

59. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 58 as if set forth fully here.

60. Defendants failed to pay Plaintiffs and others similarly situated the federal minimum wage of $5.15 per hour in violation of the FLSA, 29 U.S.C. § 206, and its implementing regulations.

61. Because Defendants failed to inform Plaintiffs of the provisions of 29 U.S.C. § 203(m) and because Defendants and other persons who do not customarily and regularly receive tips retained a portion of the tips at Alexis Diner, Defendants are ineligible for the tip credit allowance provided for pursuant to § 203(m).

62. Defendants' failure to pay the federally-mandated minimum wage was willful, in that Defendants knew or showed reckless disregard for the issue of whether Defendants' conduct was prohibited under the FLSA.

63. Plaintiffs are entitled to an award of damages for unpaid minium wages plus an award of liquidated damages equal to the amount of unpaid minimum wages pursuant to 29 U.S.C. § 216(b).

64. Plaintiffs represent additional similarly-situated employees of Defendants who suffered violations of the FLSA minimum wage provisions, and who will be joined collectively pursuant to 29 U.S.C. § 216(b).

SECOND CAUSE OF ACTION (COUNT II)
FAIR LABOR STANDARDS ACT OVERTIME VIOLATIONS
(REPRESENTATIVE CLAIM)

65. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 64 as if set forth fully here.

66. Defendants failed to pay overtime premiums to Plaintiffs and others similarly situated in violation of the FLSA, 29 U.S.C. § 207, and its implementing regulations.

67. Defendants' failure to pay federally-mandated overtime premiums was willful, in that Defendants knew or showed reckless disregard for the issue of whether Defendants' conduct was prohibited under the FLSA.

68. Plaintiffs are entitled to an award of damages for unpaid overtime premiums plus an award of liquidated damages equal to the amount of unpaid overtime premiums, pursuant to 29 U.S.C. § 216(b).

69. Plaintiffs represent additional similarly-situated employees of Defendants who suffered violations of the FLSA overtime premiums provisions, and who will be joined collectively pursuant to 29 U.S.C. § 216(b).

THIRD CAUSE OF ACTION (COUNT III)
NEW YORK LABOR LAW MINIMUM WAGE VIOLATIONS

70. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 69 as if set forth fully here.

71. Defendants failed to pay Plaintiffs the state-mandated minimum wage, thus violating New York Labor Law, §§ 652 and 670 et seq.

72. Plaintiffs are entitled to an award of damages for unpaid minimum wages.

FOURTH CAUSE OF ACTION (COUNT IV)
NEW YORK LABOR LAW OVERTIME VIOLATIONS

73. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 72 as if set forth fully here.

74. Defendants failed to pay overtime premiums to Plaintiffs for all hours worked in excess of 40 hours per week in violation of New York Labor Law Article 19 and its implementing regulations, 12 N.Y.C.R.R. §142-2.2, et seq.

75. Plaintiffs are entitled to an award of damages for unpaid overtime premiums.

### FIFTH CAUSE OF ACTION (COUNT V)
### NEW YORK LABOR LAW SPREAD OF HOURS PAY VIOLATIONS

76. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 75 as if set forth fully here.

77. Defendants failed to pay Plaintiffs an extra hour of pay at the basic minimum hourly wage rate before allowances, for every day when Plaintiffs' work day from start to finish was longer than ten hours, in violation of New York Labor Law §§ 160 et seq. and §§ 190 et seq. and New York State Department of Labor regulations, including N.Y.C.R.R. § 142-2.4.

78. Plaintiffs are entitled to an award of damages for unpaid spread of hours wages.

### SIXTH CAUSE OF ACTION (COUNT VI)
### NEW YORK LABOR LAW TIP APPROPRIATION VIOLATIONS

79. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 78 as if set forth fully here.

80. Defendants appropriated tips from Plaintiffs in violation of New York Labor Law § 190 et seq. and § 650 et seq. and New York State Department of Labor Regulations.

81. Plaintiffs are entitled to an award of damages for the tips they were required to share with their employers at Alexis Diner.

### SEVENTH CAUSE OF ACTION (COUNT VII)
### NEW YORK LABOR LAW LIQUIDATED DAMAGES

82. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 81 as if set forth fully here.

83. Defendants willfully, knowingly, and intentionally failed to pay Plaintiffs' minimum wages, overtime premiums, and spread of hours pay and appropriated tips in violation of

New York Labor Law §§ 190 et seq. and §§ 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

84. Plaintiffs are entitled to an award of damages equal to twenty-five percent of the tips appropriated by Defendants, the unpaid overtime premiums, the unpaid wages, and the unpaid spread of hours pay.

EIGHTH CAUSE OF ACTION (COUNT VIII)<br>UNJUST ENRICHMENT

85. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 84 as if set forth fully here.

86. By their actions, stated above, Defendants were unjustly enriched by services performed by Plaintiffs for Defendants.

87. The circumstances between Plaintiffs and the Defendants are such that equity and good conscience require Defendants to make restitution.

88. Plaintiffs have therefore been damaged in an amount to be later determined.

WHEREFORE, Plaintiffs respectfully request that this Court:

    a. certify this action as a representative action for claims brought under the FLSA;

    b. declare that Defendants violated the FLSA and New York Labor Law;

    c. declare that Defendants' FLSA and New York Labor Law violations were willful;

    d. enjoin Defendants from committing future violations of the FLSA and New York Labor Law;

    e. grant judgment to Plaintiffs and others similarly situated in the amount of their claims for unpaid wages as secured by the FLSA as well as an equal amount in liquidated damages;

    f. grant judgment to Plaintiffs in the amount of their claims brought pursuant to New York Labor Law as well as an additional 25% in liquidated damages and/or prejudgment interest;

    g. award Plaintiffs reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and New York Labor Law § 663;

    h. award compensatory damages to Plaintiffs for violations of state common law regarding unjust enrichment; and

    i. grant such additional and further relief as the Court finds just and equitable.

Dated:      Kingston, New York
              March 15, 2006              Respectfully Submitted,

                                                  S/Kati Griffith
                                                  Kati Griffith(KG-3291)
                                                  kgriffith@wnylc.com
                                                  Patricia C. Kakalec (PK-8452)
                                                  tkakalec@wnylc.com
                                                  WORKERS' RIGHTS LAW CENTER
                                                      OF NEW YORK, INC.
                                                  101 Hurley Avenue, Suite 5
                                                  Kingston, NY  12401
                                                  Tel. (845) 331-6615:  Fax (845) 331-6617

                                                    ATTORNEYS FOR PLAINTIFFS